```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

GREGORY FISHER et al.,         :
                               :   Civil Action No. 10-3991 (RBK)
            Plaintiffs,        :
                               :
       v.                      :   **MEMORANDUM OPINION**
                               :
ERIC TAYLOR, et al.,           :
                               :
            Defendants.        :

**APPEARANCES**:

Plaintiffs pro se
Gregory Fisher
Mark B. White
Camden County Correctional Facility
Camden, New Jersey 08102

**KUGLER**, District Judge

Plaintiffs, confined at Camden County Correctional Facility in Camden, New Jersey, seek to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. Plaintiffs challenge the conditions under which they are confined.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that in forma pauperis prisoners are not categorically barred from joining as plaintiffs under Rule 20 of the Federal Rules of Civil Procedure and further addressed certain considerations applicable to civil cases in

which multiple prisoner plaintiffs seek to join in one action pursuant to Rule 20.

Plaintiffs may not have known when they submitted their complaint that, where the entire $350 filing fee has not been pre-paid and the plaintiffs seek leave to proceed in forma pauperis, each of them must submit a separate application for leave to proceed in forma pauperis and each of them must be assessed and pay the full filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); Hagan, 570 F.3d at 150.  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If any prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious,

or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). It remains an open question in this Circuit whether a plaintiff whose claims proceed may be held responsible under 28 U.S.C. § 1915(g) for the dismissal of a co-plaintiff's claims. Hagan, 570 F.3d at 156. Cf. Boriboune v. Berge, 391 F.3d 852, 854-55 (7th Cir. 2004); George v. Smith, 507 F.3d 605, 607-08 (7th Cir. 2007).

In addition, Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>     (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all plaintiffs will arise in the action.
> (2) Defendants. Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).

However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 540 F.3d at 157.

In the Complaint, these Plaintiffs fail to assert facts sufficient to permit this Court to perform its screening function with respect to the joinder issue. Specifically, each Plaintiff fails to assert whether he is a pre-trial detainee or a convicted and sentenced prisoner, as of the time of the events complained of; different constitutional standards govern the conditions-of-confinement claims of pre-trial detainees and convicted and sentenced prisoners. Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).[1] The Eighth Amendment to the

---

[1] Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v.

United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from

---

Wolfish, 441 U.S. 520 (1979). Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. ...

441 U.S. at 535-39 (citations omitted).

inflicting "cruel and unusual punishments" on those convicted of crimes.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).[2]

---

[2] The Eighth Amendment proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993).  It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349.  To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society.  Id. at 347.  An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

Plaintiffs must allege facts, regarding their status as pre-trial detainees or convicted and sentenced prisoners, sufficient to permit this Court to determine whether questions of law or fact common to both will arise in this litigation.

Also, Title 42 Section 1997e(a) provides that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for multiple prisoner plaintiffs seeking to join in one action; joinder may not be appropriate where a separate determination is required as to whether each co-plaintiff has complied with the exhaustion requirement. See, e.g., Lilly v. Ozmint, Civil No. 07-1932, 2007 WL 2022190 (D.S.C. July 11, 2007); Worthen v. Oklahoma Dept. of Corrections, 2007 WL 4563665, *3 (W.D. Okla. 2007).

Accordingly, in order to permit this Court to determine whether joinder is appropriate, Plaintiffs must allege facts describing their individual efforts to exhaust administrative remedies with respect to their claims.

IT APPEARING THAT:

In this action, the $350 filing fee was not pre-paid and no Plaintiff submitted a complete in forma pauperis application as

required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

The plaintiffs have failed to allege facts that would permit this Court to determine whether joinder of their claims is appropriate.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, Plaintiffs' application for leave to proceed <u>in forma pauperis</u> will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiffs will be granted leave to move to re-open within 30 days.[3]  Any such motion to re-open must be accompanied by either (1) pre-payment of the full $350 filing fee or (2) an application from <u>each</u> plaintiff for leave to proceed <u>in forma pauperis</u>, including the required

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).

certified six-months institutional account statement.  In addition, in order for the Court to be able to determine whether joinder should be permitted, any such motion to re-open must be accompanied by a statement, signed by each plaintiff, detailing (1) the efforts made by each plaintiff to exhaust his administrative remedies, and (2) the status of each plaintiff, as a pre-trial detainee, a convicted but unsentenced prisoner, or a convicted and sentenced prisoner, and setting forth the dates applicable to each such status.

An appropriate Order will be entered.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: August 16, 2010